UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MHSH HOLDINGS, LLC; <br> DFW GROUP 4 INVESTMENTS LLC; <br> JST VB PROCEEDS, LLC; and <br> BREZAN LEWISVILLE HOLDINGS, LLC., <br><br> *Plaintiffs,* <br><br> v. <br><br> CERTAIN UWs AT LLOYD'S/MSF PRITCHARD SYNDICATE; <br> ENDURANCE WORLDWIDE INSURANCE LIMITED; <br> SCOTTSDALE INSURANCE COMPANY; <br> ASPEN INSURANCE UK LIMITED; <br> and XL/INDIAN HARBOR INSURANCE COMPANY, <br><br> *Defendants.* | § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 3:20-CV-03354-X |

## MEMORANDUM OPINION AND ORDER

On November 9, 2020, Plaintiffs brought this insurance dispute lawsuit.

The Eastern District of Texas is the proper venue.[1]  Barring any objections, the Court **TRANSFERS** this case to the United States District Court for the Eastern

---

[1] The subject property is located within the Eastern District of Texas.  Venue is proper in "a judicial district in which . . . a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1131(b)(2).  Because the insured property is located in Denton County, venue is proper in the Eastern District of Texas.

1

District of Texas in the Sherman Division. The Court **GRANTS LEAVE** to the parties to file briefing stating their objections, if any, by December 16, 2020.

I.

Title 28, Section 1404 of the United States Code authorizes a district court to *sua sponte* "transfer any civil action to any other district or division where it might have been brought" for "the convenience of parties and witnesses, in the interest of justice[.]"[2] This statute codifies "the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system."[3] "In cases where there is no forum-selection clause, district courts 'must evaluate both the convenience of the parties and various public-interest considerations.'"[4] District courts analyze Section 1404(a) transfers with private- and public-interest factors:

> Factors relating to the parties' private interests include "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." Public-interest factors may include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." The Court must also give some weight to the plaintiffs' choice of forum.[5]

---

[2] 28 U.S.C. § 1404(a); *see also Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 761 (5th Cir. 1989) ("Such transfers may be made *sua sponte*." (citing *Jarvis Christian Coll. v. Exxon Corp.,* 845 F.2d 523, 528 (5th Cir. 1988))).

[3] *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. D. of Tex.*, 571 U.S. 49, 60 (2013).

[4] *DSA Promotions, LLC v. Vonage Am., Inc.*, 2018 WL 1071278, at *2 (N.D. Tex. Feb. 27, 2018) (Fitzwater, J.) (quoting *Atl. Marine*, 571 U.S. at 62).

[5] *Atl. Marine*, 571 U.S. at 62, n. 6 (internal citations omitted).

Decisions to "effect 1404 transfers are committed to the sound discretion of the transferring judge, and review of a transfer is limited to abuse of that discretion."[6]

II.

The Court believes that venue is proper only in the Eastern District of Texas.

A.

The Court first considers private-interest factors.  First, the plaintiffs are all citizens of states outside Texas.  Although courts afford some deference to a plaintiff's choice of forum, the weight to be accorded "the plaintiff's choice of forum is diminished, however, where she brings suit outside her home forum."[7]  Here, the plaintiff does not reside in the Northern District of Texas.  The insured property, which is the subject of this insurance dispute, is located in Denton County, Texas.  Therefore, a transfer to the Eastern District best serves the parties.

B.

The Court also considers public-interest factors.  Because Denton County is where the insured property is located, it is in the public's interest for this controversy to be resolved locally.  So, a transfer is in the interest of justice.

III.

---

[6] *Mills*, 886 F.2d at 761 (quoting *Jarvis Christian Coll.*, 845 F.2d at 528).

[7] *Sivertson v. Clinton*, 2011 WL 4100958 at *3 (N.D. Tex. Sept. 14, 2011) (Fitzwater, C.J.) (citing *Santellano v. City of Goldthwaite*, 2011 WL 1429080, at *2 (N.D. Tex. Apr. 14, 2011) (Fitzwater, C.J.).

For these reasons, barring any objections, the Court **TRANSFERS** this case to the United States District Court for the Eastern District of Texas in the Sherman Division. The Court **GRANTS LEAVE** to the parties to file briefing providing their objections, if any, by December 16, 2020.

**IT IS SO ORDERED** this 2nd day of December 2020.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE